IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIVIAN WILLIAMS, *on behalf of herself, and all other plaintiffs similarly situated, known and unknown,*<br><br>*Plaintiff,*<br><br>v.<br><br>THE ESTATES OF HYDE PARK, LLC,<br><br>*Defendant.* | No. 19 C 2288<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vivian Williams is a former employee of Defendant, the Estates of Hyde Park. Williams brings suit on behalf of herself and a similarly situated class, alleging claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and supplemental state-law claims. (Dkt. 48). Williams has moved for stage-one conditional certification of a putative class pursuant to the FLSA, 29 U.S.C. § 216(b). (Dkt. 42). For the following reasons, her motion is denied.

## BACKGROUND

Plaintiff Vivian Williams is a former employee of Defendant the Estates of Hyde Park ("the Estates"), which operates a nursing and rehabilitation facility for senior citizens. (Dkt. 48 ¶¶ 3–4). Williams worked for the Estates from approximately December 2018 to March 2019 performing nursing duties and other healthcare services. (*Id.*). Williams alleges that the Estates did not properly

calculate her overtime pay nor did they properly pay her overtime for hours worked in excess of 40 hours per week. (*Id.* at ¶ 4). Specifically, she states that: (1) her overtime rate was improperly calculated because, in calculating time and a half of her effective rate of pay, the Estates did not factor in bonuses paid for certain shifts; and (2) her overtime hours were undercounted because the Estates counted only hours worked in excess of eight per day, rather than total hours worked in excess of forty per week. (Dkt. 43 at 3–4; Dkt. 48 ¶¶ 10–12).

Williams brings suit on behalf of herself and a similarly situated class. (Dkt. 48 ¶¶ 4–5). She alleges claims for violations of the FLSA and supplemental state-law claims for violations of the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq., and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago. (Dkt. 48).

Williams has moved for stage-one conditional certification of a putative class pursuant to the FLSA, 29 U.S.C. § 216(b).

## **LEGAL STANDARD**

Under the FLSA, covered employers must pay covered employees one-and-one-half times the regular rate of pay for all hours worked over forty in one workweek. 29 U.S.C. §§ 206–207. Section 216(b) of the FLSA "gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)); *see also Schaefer v. Walker Bros. Enterprises*, 829 F.3d 551, 553 (7th Cir. 2016) ("Suits under the Fair Labor Standards Act cannot proceed as

class actions. Instead they are opt-in representative actions."). District courts have broad discretion in managing collective actions under the FLSA. *Alvarez*, 605 F.3d at 449.

"The conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). "Neither Congress nor the Seventh Circuit has specified the procedure courts should use to decide FLSA certification and notice issues, but collective FLSA actions in this district generally proceed under a two-step process." *Nicks v. Koch Meat Co., Inc.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017) (internal quotation marks omitted).

This case is at the first step—the conditional certification stage. "The purpose of conditional certification is to determine the size and contour of the group of employees who may become collective members and whether these potential members are 'similarly situated.'" *Id.* (citing 7B Charles A. Wright et al., Federal Practice & Procedure § 1807); *see also Gomez v. PNC Bank, Nat'l Assoc.*, 306 F.R.D. 156, 173 (N.D. Ill. 2014).

At this first stage, Plaintiffs bear the burden of demonstrating that other potential claimants are similarly situated by making a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Gomez*, 306 F.R.D. at 173 (internal quotation marks omitted). "Courts use a lenient interpretation of the term similarly

situated in deciding whether plaintiffs meet this burden." *Nicks*, 265 F. Supp. 3d at 849 (internal quotation marks omitted). "Conditional certification is not, however, automatic and to proceed as a collective action, plaintiffs must 'demonstrate similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated; an identifiable factual nexus that binds the plaintiffs together as victims of a particular violation of the [FLSA] generally must be present.'" *Id.* (quoting *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 C 10447, 2016 WL 1043429, at *2 (N.D. Ill. Mar. 16, 2016)). To make the required modest factual showing, plaintiffs "must provide some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Pieksma v. Bridgeview Bank Mortg. Co., LLC*, No. 15 C 7312, 2016 WL 7409909, at *1 (N.D. Ill. Dec. 22, 2016) (internal quotation marks omitted). "If the plaintiffs are able to show that other potential plaintiffs are similarly situated, courts may conditionally certify the case as a collective action and allow the plaintiffs to send notice of the case to similarly situated employees who may then opt in as plaintiffs." *Nicks*, 265 F. Supp. 3d at 849.

At this first step, "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855–56 (N.D. Ill. 2013); *see also Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *1 (N.D. Ill. July 25, 2011) ("At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits.").

## DISCUSSION

Williams initially moved for stage-one conditional certification of a putative class consisting of: "All hourly employees who worked for Estate of Hyde Park, LLC in the past three (3) years." (Dkt. 43 at 2). In her reply, she revised this definition to: "All hourly employees of the Estates of Hyde Park who, in the three (3) years preceding the filing of this case, were paid a shift differential that was not utilized in the calculation of overtime compensation and/or were paid overtime on the basis of an 8-hour daily threshold." (Dkt. 68 at 12).

As described above, a plaintiff need only make a modest factual showing that she is similarly situated to other members of the potential class for purposes of conditional certification. Even with that lenient standard, Williams has failed to make that showing. All the Court has before it are the complaint and records that are personal to Williams. The allegations in her complaint, alone, are not enough to make the required factual showing. *See Larsen*, No. 11 C 1701, 2011 WL 3047484, at *2 ("A plaintiff cannot rely on allegations alone to make the required modest factual showing of a factual nexus binding potential claimants together. Although a plaintiff need not provide conclusive support, a plaintiff must still provide a declaration or other support beyond allegations to make a minimal showing of other similarly situated employees subjected to a common policy." (internal quotation marks and citations omitted)).

Beyond the allegations in the complaint, Williams has provided no payroll evidence for any other employees to show that they, too, were subject to the practices

she alleges. Williams's sole basis for alleging that she is similarly situated to others in the putative classes is that the Estates' improper overtime calculations are a "direct result of the payroll software settings and parameters utilized in Defendant's payroll process and is systemic in Defendant's pay practices." (Dkt. 43 at 2). At this point, however, such an assertion is entirely speculative. Williams has not provided an affidavit, declaration, deposition, or anything similar, from herself or anyone else, stating that other employees were subject to the same pay practices. All the Court has is her say so in her complaint and motion, and payroll records that she extrapolates to all employees without support. That is insufficient. Williams must submit something more to make the requisite factual showing that other potential class members are similarly situated and were subject to the same improper policy. *See, e.g., Nicks*, 265 F. Supp. 3d at 853 (noting that the plaintiffs had submitted declarations from multiple workers supporting their claims); *Briggs*, No. 15-CV-10447, 2016 WL 1043429, at *3 (noting attestations from multiple potential opt-in plaintiffs, who stated that they observed other workers suffer a similar experience).

Williams's motion for conditional certification is inappropriate at this point. Williams brought the motion before conducting any discovery, arguing that it was ripe for decision. Williams, however, then demanded limited discovery when the Estates' response brought up the issue of a Collective Bargaining Agreement ("CBA"). (*See* Dkt. 68 at 1–2 (summarizing the procedural posture)). But the discovery Williams sought went beyond that applicable to just the CBA, instead seeking to discover the individuals who might be within the class. (*See, e.g.*, Dkt. 68-1 (asking the Estates

to admit that it improperly calculated overtime for employees)). Williams's claimed need for discovery, along with the dearth of factual support she has provided, shows that there is currently not enough information to support conditionally certifying the putative class.

The Estates, however, is not blameless in this situation. Williams sent the Estates some straightforward requests to admit facts and interrogatories to aid in determining the scope of a potential class. (Dkts. 68-1, 68-2). The Estates' responses were evasive, to put it mildly. The Court has previously admonished the parties, on the record in open court, to work together both in the discovery process and in coming up with a class definition. That admonition stands. There is no need for sophisticated parties to hide the ball in discovery nor should parties demand that the Court resolve simple discovery issues that could be resolved through reasonable discussion. *See* L.R. 37.2.

Finally, the Estates has also alleged that some of the putative class members are subject to a CBA which mandates that they bring disputes about their pay through a grievance and arbitration process. The Court will not delve into this issue at this juncture, given that Williams has not made a sufficient factual showing for conditional certification, regardless of the CBA.

That being said, in the interest of efficiency, the Court highlights some points of interest for future briefing should Williams move again for conditional class certification. Specifically, the Seventh Circuit has stated that a CBA must "clearly and unmistakably" require an employee to use the grievance and arbitration process to

resolve a statutory claim for such a CBA "to be enforced against an employee who wishes to bypass the contractual dispute resolution process in favor of a judicial forum." *Vega v. New Forest Home Cemetery, LLC*, 856 F.3d 1130, 1134 (7th Cir. 2017). The Court notes that the parties have not highlighted any provision of the CBA referencing statutory claims, and indeed, the language in Article 16 of the CBA is very similar to that in *Vega* which the Seventh Circuit concluded did not clearly and unmistakably require an employee to resolve a statutory claim through grievance and arbitration. *Id.* at 1135 ("Although section 8.1 of the agreement defines a grievance to include a claim or dispute 'concerning pay, hours[,] or working conditions or the interpretation or application of this Agreement,' this could be thought to mean a claim over the requirements of the contract itself rather than one about what the FLSA requires."). In the same vein, the parties' references to *Bigger v. Facebook, Inc.*, 947 F.3d 1043 (7th Cir. 2020), may be misguided, as that case involved an agreement to arbitrate claims brought pursuant to federal laws. *See Bigger v. Facebook, Inc.*, 375 F. Supp. 3d 1007, 1022 (N.D. Ill. 2019) ("Therein, Facebook alleges, the CSMs agreed to arbitrate individually all claims for 'non-payment, incorrect payment, or overpayment of wages. . . whether such claims be pursuant to. . . any federal, state, or municipal laws concerning wages. . . failure to pay wages. . . and/or any other claims involving employee compensation issues.'"). If there is no clear agreement to arbitrate an FLSA claim, then the Court is not prohibited from authorizing notice. Again, the Court declines to decide any issues pertaining to the CBA at this point and remains open to future arguments by the parties.

The Court also declines to address the proposed notice to the class and schedule for notification until it receives another motion for conditional certification. The Court, however, suggests that the parties meet and confer regarding this notice and schedule to see which, if any, disputes can be resolved between the parties before raising disputes before the Court, especially in light of any potential limitations in resources given the current situation with COVID-19.

## **CONCLUSION**

For the foregoing reasons, the Court denies Williams's motion for stage-one conditional certification (Dkt. 42), without prejudice to her moving again, consistent with this Opinion, if possible.

_____
Virginia M. Kendall
United States District Judge

Date: April 9, 2020