**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VIVIAN WILLIAMS, on behalf of herself** | ) | |
| **and all other plaintiffs similarly situated,** | ) | |
| **both known and unknown,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 19 C 2288** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **THE ESTATES OF HYDE PARK, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**A.**

The defendant has filed a Motion for a Protective Order [Dkt. #106] in response to plaintiff's

Fed.R.Civ.P. 30(b)(6) deposition notice. The defendant argues that the subject matter set out in ¶¶

2 and 4 of the plaintiff's Deposition Notice is far too broad. Those paragraphs are set forth below:

> 2) The compensation practices of the Estates of Hyde Park regarding the payment of
> time and one half after 8 hours in a day, instead of the statutorily required 40 hours
> in a week, as that practice relates to *any and all hourly positions*.

> 4) The compensation practices of the Estates of Hyde Park regarding the inclusion
> of certain enhanced regular rate shift differentials in the calculation of overtime rates,
> as that practice relates to *any and all hourly positions*.

[Dkt. #107-5](Emphasis supplied).  Defendant bristles at the notion that the proposed deposition

should go beyond LPNs to cover "any and all hourly positions" without any time period limitation.

We agree.  A topic supposedly "limited" to "everyone who has ever worked for the company" is

what most would call, "unlimited." Merely because a request is made in discovery does not mean

it is automatically proper. Relevance and proportionality are critical components of every request,

and "fishing expeditions" are still prohibited here and throughout the country. *Equal Employment Opportunity Comm'n v. Union Pac. R.R. Co.*, 867 F.3d 843, 852 (7th Cir. 2017); *Art Akiane LLC. v. Art & Soul Works LLC,* 2020 WL 5593242, at *6 (N.D. Ill. 2020).

Counsel in this case have been admonished by Judge Kendall in connection with the way in which discovery has been handled:

> The Court has previously admonished the parties, on the record in open court, to work together both in the discovery process and in coming up with a class definition. That admonition stands. There is no need for sophisticated parties to hide the ball in discovery nor should parties demand that the Court resolve simple discovery issues that could be resolved through reasonable discussion.

[Dkt. #82]. And this:

> It's just -- I shouldn't have to hand-hold lawyers that are of this caliber to do something like that. All right?"

[Dkt. #97-2]. I have also commented:

> Given the apparent difficulties with Local Rule 37.2, as demonstrated by Judge Kendall's comments [98] and the fact that a motion which was apparently moot shortly after filed nevertheless precipitated one hearing [92, 98], two additional motions [97, 100], and three court orders including this one , . . . . [95, 99]

> Nonetheless, this is the fourth request for court intervention in the last couple of months.

[Dkt. ## 89, 97, 100].

Unfortunately, the current motion demonstrates that the various admonitions have not been successful or persuasive. The goals of Local Rule 37.2 have certainly not been accomplished. It would appear that the meaningful compromises sought by Local Rule 37.2 have not occurred in light of counsel's apparent philosophy that they have a judge on hand "to call balls and strikes." [Dkt. #107-4, at 7, 8, 9].

What has occurred here unfortunately is emblematic of the discovery conflicts which routinely (and often needlessly) occur in case after case. Unfortunately, the problem is not new. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side."). *See* also Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 639 (1989).[1]

## B.

It is imperative to recall that the resolution of discovery disputes is committed to the court's broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). An abuse of discretion occurs when no reasonable person could take the view of the district court. But discretion denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers—on virtually identical facts—to arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion,* 466 F.3d

---

[1] *See, e.g., Roadway Express, Inc. v. Piper* , 447 U.S. 752 (1980); *Herbert v. Landry*, 441 U.S. 153, 176 (1979); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 903 (7th Cir. 1981); Virginia E. Hench, *Mandatory Disclosure and Equal Access to Justice: The 1993 Federal Discovery Rules Amendments and the Just, Speedy and Inexpensive Determination of Every Action*, 67 Temple L.Rev. 179, 232 (1994); Comment, *Discovery Abuse Under the Federal Rules: Causes and Cures*, 92 Yale L.J. 352 (1982); Milton Pollack, *Discovery—Its Abuse and Correction*, 80 F.R.D. 219, 223 (1979).

574, 577 (7th Cir. 2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."). A party who steadfastly maintains his position without budging could be "right" but find itself on the losing side, when an exercise of the court's discretion leads it to accept the other side's "right" position.

Not surprisingly then, a successful appeal of a court's resolution of a discovery dispute is rare. *United States v. Re*, 401 F.3d 828, 832 (7th Cir. 2005). Is a discovery response adequate? Is a request overly broad? One judge will say yes, another will say no. Practically speaking, the losing party will have little meaningful recourse. To overturn a ruling on a discovery motion requires a showing that the ruling was "clearly erroneous." *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016). But, in the pithy language of the Court of Appeals, a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish." *Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir.2001). The court must be left "with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). Given all this, a negotiated outcome will in most cases be more likely to give both sides a mutually satisfactory resolution, than taking the dispute to a court. And while it behooves parties to work things out on their own, in practice, things often do not work this way. But there is a motion to be decided. And so we turn to it.

### C.

The plaintiff in this case is a nurse. [Dkt. #48]. The defendant has admitted that, during the pertinent period, it employed persons in the following job descriptions/titles: Certified Nurse's Assistant, Rehab Aide, Cook, Dietary Aide, Housekeeper, Receptionist, Activity Aide. [Dkt. #107-6]. So, while the plaintiff is entitled to appropriate pre-certification discovery, that does not mean

unlimited discovery. Or, as Judge Moran succinctly put it, "[p]arties are entitled to a reasonable opportunity to investigate the facts-and no more." *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill. 1994). *See, e.g.,* [Dkt. #82, at 6]; *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553–54 (N.D. Ill. 2008)("Yet "provisional certification is not necessarily a prerequisite for conducting limited discovery" for defining the proposed class."); *Girolamo v. Cmty. Physical Therapy & Assocs., Ltd.*, 2016 WL 3693426, at *5 (N.D. Ill. 2016)*; Loy v. Motorola, Inc.*, 2004 WL 2967069, at *3 (N.D.Ill.2004) (discussing courts' considerable discretion in deciding the degree to which discovery should go forward with class certification);*Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *1 (S.D. Cal. 2009).

The deposition notice the plaintiff used here covers *all* the hourly employees defendant has *ever* employed. The only reasonable outcome of this dispute was that the defendant's Motion for a Protective Order would be granted, and the notice quashed when the attorneys went to the judge to get their "balls-and-strikes" calls. [Dkt. #107-4, at 7, 8, 9]. But a court is prohibited from redrafting a party's discovery requests when an opposing party raises objections to them.[2] The

_____

[2] This is not a preference; it is something courts are forbidden to do. *See, e.g., Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Illinois*, 908 F.3d 290, 297 (7th Cir. 2018); *Rahn v. Bd. of Trustees of N. Illinois Univ.*, 803 F.3d 285, 294 (7th Cir. 2015); *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 711 (7th Cir. 2015). Requiring the court to perform such a task would be patently unfair. *United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011). It would require the court to weigh in on one side to the disadvantage of the other and would be inconsistent with the adversary system, itself. The Ninth Circuit put it this way:

If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial. The movant is then denied a fair opportunity to address the matter in the reply papers.

*Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). *Accord United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011)("it is not a judge's job to assist one advocate at another's

(continued...)

discovery in this case, as already noted, has proven to be high maintenance, and that's not the court's responsibility.[3] *See, e.g., Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *5 (N.D. Okla. 2020); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2019 WL 7496775, at *3 (D. Haw. 2019); *Uni-Sys., LLC v. U.S. Tennis Ass'n*, 2017 WL 4081904, at *5 (E.D.N.Y. 2017); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 13238450, at *4 (D. Nev. 2015); *Heim v. BNSF Ry. Co.*, 2014 WL 6949044, at *9 (D. Neb. 2014); *Medicis Pharm. Corp. v. Actavis Mid Atl. LLC*, 282 F.R.D. 395, 398 (D. Del. 2012); *Primm v. Aerofil Tech., Inc.*, 2012 WL 13102523, at n.4 (M.D. Fla. 2012); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *8 (D. Colo. 2010), *Dombach v. Allstate Ins. Co.*, 1998 WL 695998, at *7 (E.D. Pa. 1998). Plaintiff has had ample opportunity to come up with a reasonable notice during Local Rule 37.2 negotiations, but it did not do so and continued to maintain its original position. [Dkt. #107-4, at 7, 8, 9]. But "adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2." *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016).

---

[2](...continued)
expense."). The Supreme Court recently emphasized, "[i]n our adversarial system of adjudication we follow the principle of party presentation." *United States v. Sineneng-Smith*, _U.S._, 140 S.Ct. 1575, 1579 (2020).

[3] Defendant insists that it has explained the burdensome nature of the interrogatory under review in "multiple pleadings," but fails to direct the court to any of them. [Dkt. #158, at 9]. There are over 9300 pages of docket entries in the docket. The Seventh Circuit has time and again told district judges that it is not their function to find items buried in the record. *See, e.g., DeSilva v. DiLeonardi,* 181 F.3d 865, 867 (7th Cir.1999); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). As the Supreme Court recently stressed, "[i]n our adversarial system of adjudication we follow the principle of party presentation." *United States v. Sineneng-Smith*, _U.S._, 140 S.Ct. 1575, 1579 (2020). That principle assigns to the court the role of "neutral arbiter of matters the parties present." *Id.* Thus, "as a general rule, [o]ur system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and arguments entitling them to relief.' " *Id.* at 1579. (Brackets in original).

There is a pertinent and prescribed time period for a deposition. A lawyer on either side of the case is not empowered to decide unilaterally what is an acceptable time limit, and a deposition without an agreed upon temporal limitation that deviates from the Rule is impermissible and is not a reasonable limitation. Similarly "everyone" is not a reasonable designation: a cook or a housekeeper or a receptionist does not seem to be charged with functions or duties that have a great deal in common with those of a nurse. *Compare Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008)( ". . . despite some variations in their job duties, there is evidence that pharmaceutical representatives have the same essential responsibility: calling on physicians and promoting Defendant's pharmaceutical products."); *Hundt v. DirectSat USA, LLC*, 2010 WL 2079585, at *4 (N.D. Ill. 2010)(evidence showed that titles of warehouse manager and warehouse supervisor were interchangeable); *Russell v. Illinois Bell Tel. Co.*, 721 F. Supp. 2d 804, 810 (N.D. Ill. 2010)(all sales and service representatives worked at their computers fielding calls from customers).[4]0

---

[4] Cases along these lines are legion. The three are cited as they are the three plaintiff relies on to demonstrate that a nurse and a cook are similar enough to be members of a class. [Dkt. #110, at 8]. So, on those old college board examinations, plaintiff's counsel would likely answer: "Warehouse supervisor is to warehouse manager as nurse is to receptionist."

## CONCLUSION

For the preceding reasons, the Defendant's Motion for a Protective Order and to Quash the

Plaintiff's Deposition Notice [Dkt. #106] is granted.

**ENTERED:** _____

**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 9/24/20