# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **VIVIAN WILLIAMS,** on behalf of herself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>**THE ESTATES OF HYDE PARK, LLC**<br><br>Defendant. | N<u>o.</u> 1:19-cv-02288<br><br>**Hon. Virginia M. Kendall**<br>**U.S. District Judge, Presiding**<br><br>Hon. Jeffrey Cole<br>Magistrate Judge |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS

This cause comes before the Court upon the Parties' Agreed Motion for Final Approval of the Parties' Stipulation and Agreement to Settle Class Action and Other Claims (the "Settlement Agreement"). The Court has reviewed the Settlement Agreement and the exhibits attached thereto and finds that the proposed settlement is within the range of fair, reasonable, and adequate resolution of the issues in this proceeding and, therefore,

**IT IS ORDERED** that:

1. The following class is certified for settlement purposes: "All current and former hourly Licensed Practical Nurse ("LPN") employees of The Estate of Hyde Park, LLC ("EHP") who worked over 40 hours per week but were paid overtime only for hours worked over eight (8) in a single day or over 80 in a two-week period during the period from April 4, 2016 to approximately June 2, 2019."

2. The Court finds that American Legal Claims Services, LLC, the appointed Settlement Administrator, has met all requirements the Court set forth in its Preliminary Approval Order.

4874-7670-3525.1

3. The Court finds that the direct-mail notice program used in this case, along with the additional notice measures performed in this matter, satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

4. The Court acknowledges that notice of settlement was made pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

6. The Court directs payment to the Named Plaintiff in the amount of $2,000 as incentive award for his participation as class representatives in this case.

7. The Court directs payment to Class Counsel a total sum of $29,000.00 as and for attorneys' fees and costs incurred in the prosecution of the individual and class claims herein.

8. The Court directs payment to Class Members who returned valid and timely claim forms in the amount of $30,000, allocated as reflected on Exhibit A; provided, however, that any unclaimed funds in the Remainder Fund shall be allocated and disbursed as follows: first, to pay or reimburse EHP for administration costs incurred or paid to the Settlement Administrator in the amount of $3,000; second, to pay or reimburse EHP for the incentive award referred to in paragraph 6 above; and third, to be distributed as a supplemental payment on a *pro rata* basis to the Class Members who timely returned claim forms in accordance with the applicable provisions of the Settlement Agreement.

9. The Court hereby finally approves the Settlement Agreement and directs that all of the foregoing payments shall be made in accordance with the applicable terms of the Settlement Agreement.

10. The Court hereby dismisses this case without prejudice to be converted to "with prejudice" on August 5, 2022, after all administrative processes have been completed and the Settlement Administrator has closed its file.

11. All Settlement Class Members herein release and discharge Defendant and the other Released Persons identified in the Settlement Agreement from any and all Fair Labor Standard Act, Illinois Minimum Wage Law, and Chicago Minimum Wage Ordinance claims for non-payment of overtime wages arising out of the Class Members' employment during the time period from April 4, 2016 to approximately June 2, 2019.

ENTERED:

_____
Virginia M. Kendall
United States District Judge

Date: June 14, 2022